1
2
3
4
5
6
7
8
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
9
AT SEATTLE
10

11 | NORTHWEST CARPENTERS HEALTH AND SECURITY TRUST, et al., | CASE NO. 2:23-cv-00063-TL

12

Plaintiffs,
ORDER ON MOTION FOR
ENTRY OF DEFAULT JUDGMENT
13 | v.

14 | GREYROCK DRILLING &
PILEDRIVING LLC, a Washington limited
15 | liability company; and DAVID SJOGREN,
an individual,
16

Defendants.
17

18

19

20        This is an action to recover delinquent contributions under the Employee Retirement

21 Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, *et seq*. This matter comes before the

22 Court on Plaintiffs' Motion for Entry of Default Judgment (Dkt. No. 17). Having reviewed the

23 Motion and all supporting materials, the Court GRANTS the Motion.

24

## I.   BACKGROUND

Plaintiffs are five trust funds that are collectively known as the Northwest Carpenters Trusts (Dkt. No. 1 ¶ 1.6) and are comprised of the following:

1. Northwest Carpenters Health and Security Trust, a Taft-Hartley trust[1] that provides "Employee Welfare Benefit Plans, including the provision of hospital, medical, dental, vision, disability or death benefits and any other similar benefits, or any combination thereof" for eligible employees and their beneficiaries (Dkt. No. 1 ¶ 1.1);

2. Northwest Carpenters Retirement Trust, a Taft-Hartley trust that provides "Employee Pension Benefit Plans, including the provision of retirement and associated death benefits" for eligible employees and their beneficiaries (Dkt. No. 1 ¶ 1.2);

3. Northwest Carpenters Individual Account Pension Trust, a Taft-Hartley trust that provides "Employee Pension Benefit Plans, including retirement plans funded by employee contributions" or eligible employees and their beneficiaries (Dkt. No. 1 ¶ 1.3);

4. Northwest Carpenters Vacation Trust, a Taft-Hartley trust that provides "Employee Welfare Benefit Plans, including the provision of vacation benefits" or eligible employees and their beneficiaries (Dkt. No. 1 ¶ 1.4);

5. Carpenters-Employers Apprenticeship and Training Trust Fund of Washington-Idaho, a Taft-Hartley trust that provides a fund created to defray, in whole or in part, costs of apprenticeship or other training programs for the education of apprentices and journeymen carpenters. Dkt. No. 1 ¶ 1.5.

Plaintiffs allege that Defendant Greyrock Drilling and Piledriving LLC ("Greyrock"), led by Defendant David Sjogren as its president, is party to a Region-Wide Compliance Agreement ("Agreement") by which it is required to make fringe benefit contributions to Plaintiffs and is otherwise bound by agreements with each Plaintiff. Dkt. No. 1 ¶¶ 3.1–3.2, 3.5; Dkt. No. 18 ¶¶ 17–18 (Declaration of Michael Coty); Dkt. No. 18 at 11–13 (Agreement). Defendant Greyrock agreed to provide monthly reports and contributions by a specified time. Dkt. No. 1

---

[1] Taft-Hartley trusts are joint labor-management trust funds created pursuant to Section 302(c)(5) of the Labor Management Relations Act, 29 U.S.C. § 186(c)(5), and subject to the provisions of ERISA.

¶¶ 3.6–3.10; Dkt. No. 18 ¶¶ 5–7; *id*. at 146, 196–97, 246, 297–98, 323. It also agreed to pay

liquidated damages and interest, as well as the costs of collection including attorney fees and

costs, for all delinquent contributions. Dkt. No. 1 ¶¶ 3.6–3.10; Dkt. No. 18 ¶¶ 12–15; *id*. at 147,

197–98, 247–48, 298–99, 323–24. Specifically, it agreed to pay liquidated damages of 12% of

the total delinquent contributions and interest of no less than 7% per annum from the 15th day of

the calendar month in which the contributions became due. *Id*.

Plaintiffs allege that Defendant Greyrock failed to provide certain required monthly

reports and to pay required fringe benefit contributions for covered work performed by

Greyrock's employees. Dkt. No. 1 ¶ 3.11–3.12. On or about December 8, 2022, Defendant

Greyrock belatedly provided reports for March and April 2021, September 2021 through January

2022, and April 2022 through October 2022 (collectively, "the Listed Reports Period"). *Id*.

¶ 3.13. However, those reports are characterized as "unfunded" because no payment of

contribution accompanied the reports. *Id.* Defendant Greyrock has failed to provide Northwest

Carpenters Trust with the November 2022 remittance report and fringe benefits payment, which

was due on or before December 15, 2022. *Id.* ¶ 3.14.

On February 8, 2023, Defendant Greyrock made a payment to Plaintiffs for the delinquent

fringe benefit contributions for the Listed Reports Period. Dkt. No. 18 ¶ 22. However, Defendant has

still not provided: (1) $11,695.44 in assessed liquidated damages for the Listed Reports Period (Dkt.

No. 18 ¶ 22); (2) $6,437.35 in accrued prejudgment interests for the Listed Reports Period, *id.*;

(3) contribution shortages of $870.39 in fringe benefit contributions for July 2022 and $545.00 in

401(k) contributions for October 2022 (for a total of $1,415.39) (*id.* ¶¶ 21–22); and (4) remittance

reports and contribution payments for November 2022 through March 2023.[2] *Id.* ¶ 23.

---

[2] The delinquent contribution amount is unknown for this period without examining the remittance reports. Dkt. No. 18 ¶ 24.

Plaintiffs filed suit alleging that Defendant Greyrock violated the terms of the Agreement and of ERISA, 29 U.S.C. § 1132(a)(3), § 1145. Dkt. No. 1 ¶¶ 4.1–4.6. Plaintiffs also allege that Defendant Sjogren breached his fiduciary duty and his actions amounted to conversion under Washington state law. *Id.* ¶¶ 4.7–4.15. Both Defendants were properly served but have failed to appear. Dkt. Nos. 10–11. Plaintiffs moved for and obtained an entry of default. Dkt. Nos. 12–14.

With evidentiary support, Plaintiffs now ask the Court to enter default judgment in their favor, to order Defendant Greyrock to provide monthly remittance reports for November 2022 through March 2023 (Dkt. No. 17-1 at 2), and to award them with interest: (1) $19,548.18, consisting of $1,415.39 in fringe benefit contributions, $11,695.44 in liquidated damages, and $6,437.35 in accrued, prejudgment interest (Dkt. No. 18 ¶ 24); (2) $660.13 for amounts withheld from employee paychecks but not remitted to Plaintiffs (Dkt. No. 18 at 391); and (3) $7,600.00 in attorney fees and $610.00 in costs (Dkt. No. 17 at 8; Dkt. No. 19 ¶ 9). Plaintiffs also ask the Court to set the post-judgment interest rate at 12% in accordance with the Agreement. Dkt. No. 1 ¶¶ 3.6–3.10.

## II.    LEGAL STANDARD

A court's decision to enter a default judgment is discretionary. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). Default judgment is "ordinarily disfavored," because courts prefer to decide "cases on their merits whenever reasonably possible." *Eitel v. McCool*, 782 F.2d 1470, 1472 (9th Cir. 1986). When considering whether to exercise discretion in entering default judgments, courts may consider a variety of factors, including:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of a plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure.

*Id.* at 1471–72. Courts reviewing motions for default judgment must accept the allegations in the complaint as true, except facts related to the amount of damages. *Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977).

### III.    DISCUSSION

As an initial matter, the Court finds that it has jurisdiction over this action pursuant to ERISA. 29 U.S.C. §§ 1132(a)(3), 1145. The Court exercises supplemental jurisdiction over the Washington state claim. 28 U.S.C. § 1367(a). Finally, the Court finds that venue is proper because Plaintiffs are administered in this District and because Defendants reside or may be found in this District. 29 U.S.C. § 1132(e)(2).

Considering the *Eitel* factors, the Court finds that entry of default judgment is proper. Plaintiffs and the covered employees would be prejudiced absent an order of default judgment for the amounts due to the Plaintiff trusts for various bargained-for benefits and the costs of collecting them. Also, taking the allegations in Plaintiffs' complaint as true and considering the supporting materials, Plaintiffs have sufficiently pled meritorious claims for delinquent contributions and failure to remit assets and dues. There is likely no dispute of material facts, as Plaintiffs have provided evidence that is likely difficult to be rebutted. Finally, there is no evidence to suggest the default was due to excusable neglect, as Defendants were served with process and failed to appear. Therefore, notwithstanding the strong policy under the Federal Rules of Civil Procedure that claims be resolved through contested litigation, the Court finds that the *Eitel* factors favor entry of default judgment.

The Court also finds that Plaintiffs have submitted sufficient evidence to confirm the following amounts are due under the Agreement: (1) $19,548.18 from Defendant Greyrock, consisting of $1,415.39 in fringe benefit contributions, $11,695.44 in liquidated damages, and $6,437.35 in accrued, prejudgment interest (Dkt. No. 18 ¶ 24); (2) $660.13 from Defendant

1   Sjogren, jointly and severally with Defendant Greyrock, for amounts withheld from employee

2   paychecks but not remitted to Plaintiffs (Dkt. No. 18 at 391); and (3) $7,600.00 in attorney fees

3   and $610.00 in costs (Dkt. No. 19 ¶ 9). The Court also finds that post-judgment interest shall

4   accrue at 12% per annum in accordance with the Agreement. Dkt. No. 1 ¶¶ 3.6–3.10.

5          Further, the Court finds that Plaintiffs are entitled to attorney fees under the criteria

6   outlined in *Kerr v. Screen Extras Guild, Inc.*:

7               (1) the time and labor required, (2) the novelty and difficulty of the
                questions involved, (3) the skill requisite to perform the legal
8               service properly, (4) the preclusion of other employment by the
                attorney due to acceptance of the case, (5) the customary fee,
9               (6) whether the fee is fixed or contingent, (7) time limitations
                imposed by the client or the circumstances, (8) the amount
10              involved and the results obtained, (9) the experience, reputation,
                and ability of the attorneys, (10) the 'undesirability' of the case,
11              (11) the nature and length of the professional relationship with the
                client, and (12) awards in similar cases.
12

13   526 F.2d 67, 70 (9th Cir. 1975), *abrogated on other grounds by City of Burlington v. Dague*, 505

14   U.S. 557 (1992). Plaintiffs have supported each of these factors in the declaration of counsel (*see*

15   Dkt. No. 19), and the Court finds this evidence persuasive. Plaintiffs have provided a sufficiently

16   precise accounting to justify the request of $7,600.00 in attorney fees and $610.00 in costs.

17   These appear reasonable in light of the experience and skill of counsel, the rates requested and

18   hours expended, and the efforts and results achieved.

19          Finally, the Court finds that the equitable relief Plaintiff seeks (the provision of

20   delinquent remittance reports) is also appropriate. *See* 29 U.S.C. § 1132(a)(3)(B) (authorizing

21   civil action by participant, beneficiary, or fiduciary "to obtain other appropriate equitable relief"

22   to redress violations or enforce provisions of ERISA plan); 29 U.S.C. § 1132(g)(2)(E)

23   (authorizing award of "such other legal or equitable relief as the court deems appropriate" in

24   action where judgment is awarded in favor of ERISA plan).

## IV.   CONCLUSION

Accordingly, the Court GRANTS Plaintiffs' Motion for Entry of Default Judgment (Dkt. No. 17). The Court DIRECTS entry of default judgment in the amounts requested. Defendant Greyrock is ORDERED to provide its monthly remittance reports for November 2022 to March 2023 to Plaintiffs **within thirty (30) days** of this Order.

Dated this 14th day of June 2023.

Tana Lin
United States District Judge