UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| NORTHWEST CARPENTERS HEALTH AND SECURITY TRUST et al.,<br><br>  Plaintiffs,<br>   v.<br><br>GREYROCK DRILLING & PILEDRIVING LLC, a Washington limited liability company; and DAVID SJOGREN, an individual,<br><br>  Defendants. | CASE NO. 2:23-cv-00063-TL<br><br>ORDER ON MOTION FOR SUPPLEMENTAL DEFAULT JUDGMENT |

This matter is before the Court on Plaintiffs' Motion for Entry of a Supplemental Default Judgment. Dkt. No. 24. Having reviewed the relevant record, the Court GRANTS the motion.

The Court assumes familiarity with the facts of this case. Relevant to this motion, the Court previously granted default judgment in favor of Plaintiffs and against Defendants. *See* Dkt. No. 20. As part of that Order, the Court also ordered Defendant Greyrock Drilling & Piledriving LLC ("Greyrock") to "provide its monthly remittance reports for November 2022 to March

ORDER ON MOTION FOR
SUPPLEMENTAL DEFAULT
JUDGMENT - 1

2023" to Plaintiffs. *Id.* at 7. Defendant Greyrock provided to Plaintiff the missing reports for November 1, 2022, through August 31, 2023. Dkt. No. 24 at 2. Defendant Greyrock inactivated its account effective September 1, 2023. Dkt. No. 25 (Fahey declaration) ¶ 21. For the months of November 2022 and January, April, and May 2023, the reports are unfunded—that is, contributions were not made. *Id.* ¶ 20; *see also id.* at 9–12 (unfunded reports). For all other months, Defendant Greyrock provided zero-hour reports. *Id.* ¶ 20.

Plaintiffs now bring the instant motion for a supplemental default judgment stemming from the missing reports. Dkt. No. 24. Plaintiffs seek a default judgment of $23,392.23 against Defendant Greyrock, consisting of: (1) $19,348.80 in fringe benefit contributions; (2) $2,098.67 in liquidated damages; and (3) $1,944.76 in accrued prejudgment interest. Dkt. No. 24 at 4–6; *see* Dkt. Nos. 27 (praecipe for claim summary detail), 27-1 (proposed order), 27-2 (proposed judgment). Plaintiffs also seek a default judgment of $2,552.04 against Defendant David Sjogren (president of Defendant Greyrock), who is jointly and severally liable for amounts withheld from employee paychecks ($834.00 for vacation contributions and $1,718.04 union dues) but not remitted to Plaintiffs. *Id.* Finally, Plaintiffs seek an award of $2,519.00 in attorney fees and post-judgment interest. Dkt. No. 24 at 6–7.

The Court substantially addressed the issues presented by a motion for default judgment in its prior Order and finds no reason to disturb its prior findings as to jurisdiction and the *Eitel* factors. *See* Dkt. No. 20 at 5. As to Plaintiffs' new requests, the Court's findings with regard to the *Eitel* factors apply with equal force to the additional payments being sought in the instant motion. Further, Plaintiffs have submitted sufficient evidence to confirm that the amounts listed above are indeed due under the relevant agreements. *See* Dkt. No. 25 at 9–12; *see also* Dkt. No. 27 at 4–10 (summary and details by month).

ORDER ON MOTION FOR
SUPPLEMENTAL DEFAULT
JUDGMENT - 2

1    Plaintiffs have also satisfied the criteria for entitlement to attorney fees set forth in *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975). Plaintiffs have provided a sufficiently precise accounting of these amounts. *See* Dkt. No. 26 (Maxwell declaration) ¶¶ 7–8; *see also id.* at 5–6 (fee report). Plaintiffs' request appears reasonable in light of the experience and skill of counsel, the rates requested and hours expended, and the efforts as well as results achieved. Therefore, Plaintiffs are entitled to the attorney fees and costs requested.

Accordingly, Plaintiffs' Motion for Entry of a Supplemental Default Judgment is GRANTED. The Court DIRECTS entry of supplemental default judgment in the amounts requested and with post-judgment interest.

Dated this 29th day of January 2024.

Tana Lin
United States District Judge

ORDER ON MOTION FOR
SUPPLEMENTAL DEFAULT
JUDGMENT - 3